UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMEEL R. COLES,

          Plaintiff,

    v.

JIAN MA, et al.,

          Defendants.

No.  2:17-cv-2234 CKD P

ORDER AND

FINDINGS AND RECOMMENDATIONS

      Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983.  On November 8, 2017, the court screened plaintiff's complaint as the court is required to do under 28 U.S.C. § 1915A(a).  The complaint was dismissed with leave to amend.  Plaintiff has now filed an amended complaint.

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if, among other things, the prisoner has raised claims that fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(b)(1),(2).  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-4 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

1

1      In the court's November 8, 2017 order dismissing his complaint, plaintiff was informed as

2  follows concerning the contents of any amended complaint:

> If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Plaintiff complains about medical care.  Denial or delay of medical care may constitute a violation of the prisoner's Eighth Amendment rights.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  An individual is liable for such a violation only when injury results from deliberate indifference to a prisoner's serious medical needs.  Id.  A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation.  See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004).  Furthermore, mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical indifference."  Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  Where a prisoner alleges that delay of medical treatment is deliberate indifference, the prisoner must show that the delay caused "significant harm and that Defendants should have known this to be the case."  Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002).

14      After screening plaintiff's amended complaint, the court finds that it too fails to state a

15  claim upon which relief can be granted.  Plaintiff complains that the medical treatment he has

16  received for pain in his right knee has not been adequate.  As indicated above, in order to state a

17  claim under the Eighth Amendment for cruel and unusual punishment with respect to medical

18  care, plaintiff must allege facts demonstrating at least deliberate indifference to a serious medical

19  need.  The facts alleged do not establish indifference as it is clear from plaintiff's exhibits that

20  plaintiff has been seen by doctors a number of times with respect to his knee and has received

21  advice and treatment.  See ECF No. 13 at 14-41.  Most notably, defendant Dr. Ma referred

22  plaintiff for a consultation with an orthopedic surgeon (ECF No. 13 at 15) which occurred on

23  June 13, 2017 (ECF No. 13 at 21-22).  At the advice of the orthopedic surgeon, defendant Ma

24  recommended on June 21, 2017 that an MRI of plaintiff's knee be taken.  ECF No. 13 at 18.  That

25  request was approved.  ECF No. 13 at 34.  Plaintiff is not satisfied with the treatment he has

26  received as he still has pain in his knee.  But he does not suggest what treatment he should

27  /////

28  /////

receive.  Also, plaintiff does not point to anything suggesting any of defendant's treatment was incorrect or even negligent[1] let alone amounting to indifference.

For these reasons, plaintiff's amended complaint does not include facts suggesting he has been subjected to cruel and unusual punishment.  Considering the advice given to plaintiff following the dismissal of his original complaint and considering that in his amended complaint plaintiff still does not allege facts amounting to a claim upon which plaintiff may proceed, granting plaintiff leave to amend a second time appears futile.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court assign a district court judge to this case; and

IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief can be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 13, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
cole2234.frs

---

[1]  If plaintiff can allege facts suggesting any defendant was or is being negligent with respect to their treatment of plaintiff's knee, plaintiff may have a cause of action arising under California law which he could pursue in a California court.

3